UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE RYAN LEWIS,

        Petitioner,        Case No. 1:12-cv-328

v.        Honorable Robert J. Jonker

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Eddie Ryan Lewis is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, where he is serving a life sentence for a conviction of felony murder, Mich. Comp. Laws § 750.316(1)(b), and an additional two-year sentence for possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b(1).  He was convicted and sentenced by the Muskegon County Circuit Court on September 5, 2006.  The judgment of conviction originally included two additional sentences that were vacated on appeal, one for second-degree murder and another for a second felony-firearm offense.  On direct appeal, the Michigan Court of Appeals vacated the latter two sentences and otherwise affirmed the judgment on February 28, 2008. Subsequently, the Michigan Supreme Court denied leave to appeal on June 23, 2008.

Over a year later, Petitioner filed a motion for relief from judgment under Rule 6.500 of the Michigan Court Rules.  The circuit court denied the motion on November 6, 2009.  Petitioner appealed the circuit court's decision to the Michigan Court of Appeals, which dismissed the appeal on November 24, 2010, for failure to file within the time limits.  (Pet. 4, docket #1, Page ID#4.) Petitioner then sought leave to appeal with the Michigan Supreme Court, which denied leave on December 28, 2011.  Petitioner filed the instant petition on April 2, 2012.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 2, 2012, and it was received by the Court on April 4, 2012. Thus, it must have been handed to prison officials for mailing at some time between April 2 and 4.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner raises the following claims in his petition:

I. THE INSTRUCTIONS GIVEN TO THE JURY . . . RENDERED THE TRIAL UNFAIR, WHERE THE TRIAL COURT REFUSED TO INSTRUCT THE JURY REGARDING ANY POTENTIAL DEFENSES TO THE CRIMES CHARGED, REFUSED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF MANSLAUGHTER, AND GAVE AN INSTRUCTION THAT EFFECTIVELY LESSENED THE PROSECUTOR'S BURDEN OF PROOF ON THE PREDICATE FELONY TO THE FELONY MURDER CHARGE.

II. DEFENDANT-APPELLANT'S COUNSEL WAS INEFFECTIVE AT EVERY STAGE OF TRIAL . . . .

III. IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY THE INDIGENT DEFENDANT HIS REQUEST FOR SUBSTITUTION OF COURT APPOINTED COUNSEL, AND THEREFORE RENDERED THE WHOLE TRIAL UNFAIR, WHERE THERE HAD BEEN A BREAKDOWN IN THE RELATIONSHIP BETWEEN THE DEFENDANT AND ASSIGNED COUNSEL.

IV. PROCEDURAL ERROR WAS COMMITTED BY THE TRIAL COURT WHEN IT ALLOWED DEFENDANT'S TRIAL TO PROCEED WITHOUT MAKING A PROPER DETERMINATION OF PREJUDICE AGAINST DEFENDANT, WHEN IT DETERMINED THAT A BREACH OF ATTORNEY-CLIENT PRIVILEGE HAD OCCURRED, WHEN MEMBERS OF THE MUSKEGON COUNTY SHERIFF'S DEPARTMENT AND EMPLOYEES OF THE MUSKEGON COUNTY JAIL INTENTIONALLY AND ILLEGALLY SEIZED ATTORNEY-CLIENT PRIVILEGED MATERIALS FROM DEFENDANT'S CELL, THEREFORE VIOLATING DEFENDANT'S ATTORNEY CLIENT PRIVILEGE; VIOLATED THE WORK PRODUCT DOCTRINE; VIOLATED THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO COUNSEL; NEGATIVELY AFFECTED THE DEFENDANT['S] ABILITY TO PARTICIPATE IN PREPARING HIS OWN DEFENSE; VIOLATED DEFENDANT'S FIFTH AMENDMENT RIGHT TO REMAIN SILENT AND TO NOT BE A WITNESS AGAINST HIMSELF; VIOLATED DEFENDANT'S FOURTH AMENDMENT RIGHT TO BE FREE FROM ILLEGAL AND UNREASONABLE SEARCH AND SEIZURE; VIOLATED DEFENDANT'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH; VIOLATED DUE PROCESS; AND VIOLATED THE DISCOVERY LAWS OF THE STATE OF MICHIGAN, THEREFORE, MAKING IT IMPOSSIBLE FOR THE DEFENDANT TO RECEIVE A FAIR TRIAL.

    V.      THE ASSISTANT PROSECUTING ATTORNEY . . . COMMUNICATE[D] WITH THE DEFENDANT WITHOUT FIRST NOTIFYING DEFENSE COUNSEL AND OBTAINING HIS CONSENT IN VIOLATION OF . . . THE CODE OF PROFESSIONAL RESPONSIBILITY . . . .

    VI.      THE ASSISTANT PROSECUTING ATTORNEY GAVE A PLEDGE OF PUBLIC FAITH THAT BECAME BINDING WHEN THE DEFENDANT TESTIFIED [AT] HIS CO-DEFENDANT'S PRELIMINARY EXAMINATION, WHERE THE PROSECUTOR BREACHED THIS AGREEMENT, ENFORCEMENT OF THE AGREEMENT IS MANDATED . . . . THIS VIOLATION OF DUE PROCESS RENDERED THE WHOLE TRIAL UNFAIR.

    VII.      . . . . MOST OF THE TESTIMONY . . . AT TRIAL DEALT DIRECTLY WITH THE INFORMATION THAT HAD BEEN [ILLEGALLY] SEIZED FROM THE DEFENDANT'S CELL . . . , IN DIRECT VIOLATION OF THE COURT'S ORDER [THAT THE INFORMATION WAS NOT ADMISSIBLE] . . . [AND] THERE IS A STRONG LIKELIHOOD THAT THE DEFENDANT COULD NOT HAVE BEEN CONVICTED [WITHOUT THIS INFORMATION.]

(Attach. A. to Pet., docket #1-1, Page ID#20; Attach. B to Pet., docket #1-2, Page ID##22-23.)

    II.    <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

- 4 -

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 23, 2008. Petitioner did not petition for certiorari to the United States Supreme Court, but the one-year limitations period did not begin to run until the ninety-day period in which Petitioner could have sought review in that court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, September 22, 2008. Thus, absent tolling, Petitioner had one year from that date to file his habeas application.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S.

4, 8 (2000) (defining "properly filed"). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 549 U.S. at 327. The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed a motion for relief from judgment in state court on September 17, 2009, when there were approximately five days remaining the limitations period. Thus, the statute of limitations remained tolled for as long as Petitioner's motion was pending in state court.

Petitioner unsuccessfully appealed the denial of his motion to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied the appeal on December 28, 2011; thus, the statute of limitations started to run again after that date. Because five days remained in the limitations period, the deadline for filing the habeas petition was January 2, 2012. Petitioner's application for habeas relief was filed on April 2, 2012, approximately three months after the filing deadline.

The foregoing analysis assumes, however, that Petitioner's motion for relief from judgment remained pending until the Michigan Supreme Court issued its decision, which further assumes that Petitioner filed his motion and applications for leave to appeal in accordance with applicable state procedures; if the motion did not remain pending until that decision, the § 2254 statute of limitations period may have expired much earlier than January 2, 2012. An application for post-conviction relief must be "properly filed" to toll the statute of limitations, which means "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In addition, an application for post-conviction relief is considered "pending" under § 2244(d)(2) during all periods between the lower court decision and

the filing of an appeal, so long as those periods are in compliance with state procedures. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Under the rules in effect at the time, Michigan law permitted the filing of a delayed application to the court of appeals for leave to appeal until 12 months after a circuit court decision. *See* Mich. Ct. R. 7.205(F). Petitioner asserts that the circuit court denied his motion for relief from judgment on November 6, 2009 and that he appealed the circuit court's decision on November 5, 2010. According to the docket sheet from the Michigan Court of Appeals, however, Plaintiff did not file his application for leave to appeal until November 9, 2010, more than 12 months after the circuit court issued its decision. The docket sheet is consistent with Petitioner's assertion that his appeal was denied by the Michigan Court of Appeals "FOR FAILURE TO FILE WITHIN TIME LIMITS." (Pet. at Page ID#10.) Thus, it appears that Petitioner's appeal did not comply with applicable state procedures. In that case, his motion remained pending, and thereby continued to toll the statute of limitations under § 2254, only for as long as Petitioner could have sought review of the circuit court's decision before the Michigan Court of Appeals, i.e. until Monday, November 8, 2010. *See Martin v. Wilson*, 110 F. App'x 488, 490 (6th Cir. 2004). Because only five days remained in the statute of limitations period, it would have expired on or around November 13, 2010, long before the habeas petition was filed with this Court. Therefore, the petition is late by at least three months, and probably by more than a year.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366

- 7 -

F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has not raised the issue of equitable tolling or alleged any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, I recommend dismissal of the petition as untimely.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: May 25, 2012                    /s/ Hugh W. Brenneman, Jr.
                                       HUGH W. BRENNEMAN, JR.
                                       United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).