UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

EDDIE RYAN LEWIS,

        Petitioner,

v.

MARY BERGHUIS,

        Respondent.

_____/

Case No. 1:12-cv-328

Honorable Robert J. Jonker

## SECOND REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

On May 25, 2012, I entered a Report and Recommendation ("R&R") to dismiss the petition as barred by the applicable statute of limitations. Petitioner then filed objections to the

R&R, asserting that he was entitled to equitable tolling of the statute of limitations. On September 18, 2012, the Court declined to adopt the R&R and remanded the matter for a determination of whether Petitioner was entitled to equitable tolling. After reviewing Petitioner's objections, I conclude that he has not demonstrated that he is entitled to equitable tolling; consequently, the petition should be dismissed as untimely.

## Discussion

I.   Factual Allegations

Petitioner Eddie Ryan Lewis is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, where he is serving a life sentence for a conviction of felony murder, Mich. Comp. Laws § 750.316(1)(b), and an additional two-year sentence for possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b(1). He was convicted and sentenced by the Muskegon County Circuit Court on September 5, 2006. The judgment of conviction originally included two additional sentences that were vacated on appeal, one for second-degree murder and another for a second felony-firearm offense. The Michigan Court of Appeals vacated the latter two sentences and otherwise affirmed the judgment on February 28, 2008. The Michigan Supreme Court subsequently denied leave to appeal on June 23, 2008.

Petitioner filed a motion for relief from judgment in state court under subchapter 6.500 of the Michigan Court Rules on September 17, 2009. The circuit court denied the motion on November 6, 2009. Approximately one year later, Petitioner appealed the circuit court's decision to the Michigan Court of Appeals, which dismissed the appeal as untimely on November 24, 2010.

Petitioner then sought leave to appeal to the Michigan Supreme Court, which denied leave on December 28, 2011.

Petitioner filed the instant action on or about April 2, 2012.[1]

II. Statute of Limitations

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 2, 2012, and it was received by the Court on April 4, 2012. Thus, it must have been handed to prison officials for mailing at some time between April 2 and 4. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on June 23, 2008. Petitioner did not petition for certiorari to the United States Supreme Court, but the one-year limitations period did not begin to run until the ninety-day period in which Petitioner could have sought review in that court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, September 22, 2008. Thus, absent tolling, Petitioner had one year from that date to file his habeas application.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes). An application for post-conviction relief is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Moreover, the application is considered "pending" under § 2244(d)(2) from its filing date until a final decision is issued by the state supreme court. *Lawrence*, 549 U.S. at 327. In other words, all periods between the lower court decision and the filing of an appeal to a higher state court toll the statute of limitations, so long as those periods are in compliance with state procedures. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Petitioner filed his motion on September 17, 2009, when there were approximately five days remaining in the statute of limitations period. The statute of limitations was tolled on that date, and remained tolled for as long as Petitioner's motion was "pending" in state court. Petitioner unsuccessfully appealed the denial of his motion to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied the appeal on December 28, 2011. Assuming, *arguendo,* Petitioner's post-conviction proceedings remained "pending" until that date, the deadline for filing the habeas petition would have been January 2, 2012. Petitioner's application for habeas relief was not filed until April 2, 2012, approximately three months after that deadline.

Unfortunately, however, Petitioner's motion for relief from judgment did not remain "pending" until the Michigan Supreme Court issued its decision on December 28, 2011, because Petitioner did not timely appeal the decision of the circuit court. Under the rules in effect at the time, Petitioner was permitted to file a delayed application for leave to appeal within twelve months of the circuit court's decision. *See* Mich. Ct. R. 7.205(F).[2] According to the docket sheet from the Michigan Court of Appeals, Petitioner did not file his application for leave to appeal until November 9, 2010, more than twelve months after the circuit court issued its decision. Because Petitioner did not comply with applicable state procedure for appealing the denial of his motion for relief from judgment, his motion remained "pending" only for as long as Petitioner could have sought review of the circuit court's decision before the Michigan Court of Appeals, *i.e.*, until Monday, November 8, 2010.[3] *See Martin v. Wilson*, 110 F. App'x 488, 490 (6th Cir. 2004). With only five days

---

[2] On September 1, 2011, the time period was shortened to six months.

[3] The deadline would have been November 6, 2010, but November 6 was a Saturday. Thus, the deadline fell on the following Monday. Mich. Ct. R. 1.108(1).

- 5 -

remaining in the statute of limitations period, it expired on November 13, 2010. Therefore, the petition was filed late by more than sixteen months.

Petitioner asserts in his objections that he did, in fact, timely file his appeal in the Michigan Court of Appeals, because he handed it to a prison official for mailing on November 5, 2010, before the filing deadline.[4] Petitioner contends that the Michigan Court of Appeals should have applied the federal prison mailbox rule, under which a court document is deemed filed by a prisoner when it is handed to prison authorities for mailing. *See Cook*, 295 F.3d at 521. Until 2010, however, Michigan courts did not recognize the prison mailbox rule. *See Kinney v. Dep't of Corr.*, 766 N.W.2d 809, 811 (Mich. 2009) (Kelly, C.J., concurring) (calling upon the court to adopt a prison mailbox rule). When the rule was adopted on February 25, 2010 (effective May 1, 2010), it was expressly limited to "applications for leave to appeal from decisions rendered on or after March 1, 2010." Mich. Ct. R. 7.205(A)(3). Petitioner's appeal concerned a decision entered in 2009; thus, by its express terms, Michigan's prison mailbox rule did not apply.

To the extent Petitioner contends that the Michigan courts should have applied the federal prison mailbox rule, or should have interpreted its own rules differently, the Court must defer to the state court's application of its procedural rules. This Court "does not function as an additional state appellate court reviewing state-court decisions on state law or procedure. Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state

---

[4]Petitioner's contention that he submitted his application for mailing on November 5 is supported by his sworn statement in his petition that he "filed" his application for leave to appeal on November 5, 2010 (Pet., docket #1, Page ID#4), and by a "disbursement authorization" for "expedited legal mail" dated November 5, 2010, which is attached to the petition (docket #1-7, Page ID#212).

law, 'that [is] the end of the matter' for purposes of [the tolling provision in] § 2244(d)(2).")). Consequently, Petitioner's untimely appeal did not toll the statute of limitations pursuant to § 2244(d)(2).

Apart from statutory tolling, the one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Petitioner contends that he is entitled to equitable tolling, in part, because he initially attempted to file a motion for relief from judgment in 2008, but his pleadings were not received by the state court. Petitioner asserts in an affidavit (docket #7-1) that he attempted to file a motion for relief from judgment on December 23, 2008, by placing it in the hands of a prison official for mailing to the state court.[5] By June 2009, however, he had not heard anything from the state court regarding his motion, so he asked a prison legal writer for advice. He was told by the legal writer that it was "normal practice" for Michigan circuit courts "to take up to nine months on Rule 6.500 motions." (Pet'r Aff., docket #7-1, Page ID#249.) On July 17, 2009, Petitioner called his daughter and asked her to contact the Muskegon County Circuit Court to find out more information. She discovered that his motion was never received by the court, and she relayed this information to Petitioner on July 23, 2009. Petitioner subsequently filed a motion for relief from judgment on September 17, 2009.

Petitioner asserts that he should be entitled to equitable tolling from the date that he attempted to file his first motion for relief from judgment until the date that he discovered it was not filed, a period of approximately seven months. Even with the benefit of such tolling, however, his federal habeas petition would still be late by more than nine months, because he did not timely pursue an appeal from the denial of his motion.[6]

---

[5] Petitioner's statement is supported by a copy of a "disbursement authorization" for "expedited legal mail," which is dated December 23, 2008, and which indicates that Petitioner is mailing a "6.500 Filing" to the Muskegon County Circuit Court (docket #7-1, Page ID#245).

[6] Petitioner cites several cases in support of his argument that he is entitled equitable tolling due to the fact that the state court did not receive his first motion for relief from judgment. *See, e.g., Pliler v. Ford*, 542 U.S. 225, 235 (2008) (O'Connor, J., concurring); *Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003); *Burger v. Scott*, 317 F.3d 1133 (10th Cir. 2003); *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002); *Corjasso v. Ayers*, 278 F.3d 874 (9th Cir. 2002); *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002); *Woodward v. Williams*, 263 F.3d 1135 (10th Cir. 2001). I do not discuss these cases because the petition is not timely even if Petitioner is entitled to equitable tolling from the date that he attempted to file his first motion for relief from judgment.

Petitioner also contends that the Court should equitably toll the statute of limitations after his untimely appeal was filed, because he would have met the appellate filing deadline under the federal prison mailbox rule. Petitioner cites *White v. Curtis*, 42 F. App'x 698 (6th Cir. 2002), in which the Sixth Circuit equitably tolled the statute of limitations to give the petitioner the benefit of the federal prison mailbox rule, where the petitioner's appeal from the denial of his motion for post-conviction relief was filed one day late, and the petitioner had submitted it to prison authorities two days before the filing deadline. *Id.* at 700-01. The court considered the petitioner's lack of actual or constructive notice of the filing requirement as a factor in determining whether equitable tolling would be appropriate. *See id.* at 700 (applying the five-factor test in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)). According to the court, the petitioner reasonably thought he had met the state court's filing requirement; if Michigan had adopted the federal prison mailbox rule, the petition would have been timely. *White*, 42 F. App'x at 700.

Petitioner's reliance on *White* is misplaced. First, unlike the petitioner in *White*, Petitioner had the benefit of a newly-adopted filing rule that expressly excluded his appeal from the prison mailbox rule. *See* Mich. Ct. R. 7.205(A)(3). Petitioner cannot claim that he reasonably relied on the federal prison mailbox rule when the state's own rule expressly precluded its operation.

Second, the Sixth Circuit has indicated that the analysis in *White* does not survive *Holland*, "which focuses on whether extraordinary circumstances prevented a timely filing," rather than knowledge of the filing requirement; "it is questionable whether [*White*] would be decided the same way under the two-part test that now controls when equitable tolling applies." *Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir. 2012). Applying the two-part test in *Holland* to Petitioner's case, he does not contend that extraordinary circumstances prevented him from timely

filing his appeal or his federal habeas petition. He does not contend, for instance, that he failed to meet the state court deadline because of unexpected delays in the processing or mailing of his appeal, or because of other circumstances outside of his control. To the contrary, he contends that his application for leave to appeal was placed in the prison's outgoing mail on the same day that he submitted it, and it was received by the state court only two business days later.[7] (*See* Pet'r's Objections 6 & n.2, docket #7, Page ID#236.) Though his application arrived a day late, he could not have reasonably expected that it would arrive any sooner. *Cf. Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003) (excusing the petitioner's procedural default where he submitted his documents to a prison official *five days* before the deadline, because "[i]f the prison had accepted and mailed [the] petition when he first attempted to deliver it[,] . . . it would have been timely delivered in the normal course of events").

Furthermore, the circumstances suggest a lack of diligence by Petitioner. After the Michigan Court of Appeals dismissed his appeal as untimely, he was on notice that the pendency of his appeal would not operate to toll the statute of limitations, unless he prevailed on appeal. His decision to proceed to the Michigan Supreme Court, rather than file a federal habeas petition at that time, suggests a lack of diligence in pursuing his federal rights. *See Vroman*, 346 F.3d at 605 (petitioner's decision to proceed to state supreme court following dismissal of untimely petition demonstrates a lack of diligence).

In addition, Petitioner did not file his habeas petition until more than three months after the Michigan Supreme Court affirmed the dismissal of his appeal as untimely. If all of his grounds for relief were already apparent to him, because they were raised either on direct appeal or

---

[7]Petitioner mailed his application on a Friday and it was received by the state court on the following Tuesday.

in his motion for relief from judgment, he does not explain why he waited an additional three months to prepare and file his federal habeas petition after receiving notice of the Michigan Supreme Court's decision. *Cf. Palmer v. Carlton*, 276 F.3d 777, 781-82 (indicating that thirty days is "normally" a reasonable amount of time to file an amended habeas petition after exhaustion of state court remedies).

Petitioner asserts in his affidavit that he mistakenly believed that the one-year statute of limitations would "begin to run" on the date that he filed his second motion for relief from judgment, "regardless of how much time it took [him] to prepare and file [it]." (Pet'r Aff., docket #7-1, Page ID#250.) As indicated, however, ignorance of the law is generally not a sufficient basis for equitable tolling. For the foregoing reasons, I conclude that Petitioner has not demonstrated that he is entitled to equitable tolling to avoid dismissal for failure to comply with the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent, nor does he proffer new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. He is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1), nor is he entitled to equitable tolling. His habeas petition therefore is time-barred.

**Recommended Disposition**

For the reasons stated herein, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: October 18, 2013            /s/ Hugh W. Brenneman, Jr.
                                   HUGH W. BRENNEMAN, JR.
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).